UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| WILBERT WILLIAMS, IV | : | CIVIL ACTION NO. 15-2192 |
| VERSUS | : | JUDGE MINALDI |
| VIC SALVADOR, ET AL | : | MAGISTRATE JUDGE KAY |

**REPORT AND RECOMMENDATION**

Before the court is the *pro se* civil rights complaint filed in *forma pauperis* on August 14, 2015 by plaintiff Wilbert Williams, IV ("Williams"). Doc. 1. At the time he filed this complaint, Williams was housed in the Calcasieu Correctional Center, Lake Charles, Louisiana.

On February 29, 2016 this court issued a Memorandum Order directing Williams to amend his complaint within thirty (30) days. Doc. 5. A copy of the order was sent to Williams at the Calcasieu Correctional Center. On March 14, 2016 the mail was returned to the clerk's office marked "not here." Doc. 6. The document was mailed to Williams at his last known address.

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 630.

Further, Local Rule 41.3W provides in part, "The failure of a[ ]... pro se litigant to promptly notify the court in writing of an address change may be considered cause for dismissal for failure

to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days." More than thirty (30) days has elapsed since the mail was returned. Williams has failed to abide by an order of this court.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 13th day of June, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE